**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Josephine Amatucci

    v.                                                    Civil No. 13-cv-087-SM

Charles Hamilton, Brian Black,
and Town of Wolfeboro


**REPORT AND RECOMMENDATION**


    In her sixth suit in this court arising from her arrest in
2003 and her subsequent prosecution for violating a no-contact
order, Josephine Amatucci has sued: (1) Charles Hamilton, a
former Senior Patrolman in the Wolfeboro Police Department
("WPD") who participated in arresting her; (2) Wolfeboro Police
Chief Brian Black; and (3) the Town of Wolfeboro ("Town").  She
claims that they are liable to her under various legal theories
for the involvement of Hamilton and Black in her arrest and
prosecution.  Amatucci's complaint (doc. no. 1) is before me for
preliminary review.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(1)(B).
Also before me for a report and recommendation is Amatucci's
motion for the recusal of Judge Steven McAuliffe (doc. no. 5).

    I recommend that the motion for recusal be denied, for the
reasons given in Judge McAuliffe's endorsed order of April 25,
2013, in Amatucci v. Varney, No. 12-cv-448-SM.  Having addressed

the motion for recusal, I turn to my preliminary review.  For
the reasons that follow, I recommend dismissal of Amatucci's
complaint.

## Preliminary Review Standard

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the
magistrate judge conducts a preliminary review of pro se in
forma pauperis complaints before defendants are asked to respond
to them.  The magistrate judge may direct service of the
complaint, or, as appropriate, recommend that the district judge
dismiss one or more of the plaintiff's claims if, among other
things, the complaint fails to state a claim upon which relief
may be granted.  See 28 U.S.C. § 1915A (b); LR 4.3(d)(2).

## Background

I begin by observing that but for the addition of less than
200 words, the complaint in this case is virtually identical to
the complaint Amatucci filed in No. 12-cv-448-SM, her suit
against Judge Robert Varney.[1]  That said, the following factual
recitation is drawn from Amatucci's complaint in this case and
several documents she filed with the court in her suit against

---

[1] As I note in my report and recommendation in that case,
Hamilton and Black were originally defendants in that case, but
Amatucci voluntarily dismissed her claims against them.

Varney.  On December 2, 2003, after he met with Amatucci's
neighbor, Pauline Maloney, and Maloney's brother, Norman Bolduc,
Patrolman James O'Brien of the WPD made a sworn affidavit and
submitted it in support of his request for a warrant for
Amatucci's arrest.  Also on December 2, a complaint was issued
charging Amatucci with committing "the offense of Violation of a
Protective Order contrary to [N.H. Rev. Stat. Ann. §] RSA 173-
B:9."  The order Amatucci was charged with violating was issued
by Judge O'Neill of the Carroll County Superior Court in
November of 2003.  O'Brien arrested Amatucci on December 28,
2003.  He was accompanied by Hamilton, who was his supervisor.
Ultimately, the charges against Amatucci were dismissed.

In 2005, Amatucci sued seven defendants, including
Hamilton, Black, and the Town.[2]  She asserted various theories of
recovery based upon alleged misconduct related to both her 2003
arrest and an arrest in 2002.  After conducting a preliminary
review, Magistrate Judge Muirhead determined that Amatucci: (1)
had "stated the minimum facts necessary to demonstrate a Fourth
Amendment claim for false arrest and detention against . . .
Hamilton for the December 2003 arrest," Amatucci v. Hamilton,

---

[2] The other defendants in Amatucci's 2005 suit were O'Brien,
WPD Prosecutor Denis Davey, Judge Robert Varney of the District
Court for Southern Carroll County, and the WPD.

No. 05-cv-259-SM, slip op. at 15 (D.N.H. Jan. 20, 2006); (2) had
not adequately alleged facts to support a claim against Black
based upon the 2003 arrest, see id. at 19-20; and (3) had not
adequately alleged facts to support a claim against the Town of
Wolfeboro based upon the 2003 arrest, see id. at 18-19.  Judge
McAuliffe approved the magistrate judge's report and
recommendation and dismissed Amatucci's claims against Black and
the Town.  See Amatucci v. Hamilton, No. 05-cv-259-SM, slip op.
at 1 (D.N.H. Mar. 7, 2006).  Thereafter, Amatucci amended her
complaint to add various state-law claims related to both
arrests.  In the end, Judge McAuliffe granted Hamilton summary
judgment on all of Amatucci's claims against him.  See Amatucci
v. Hamilton, No. 05-cv-259-SM, 2007 WL 1825177 (June 25, 2007).
The court of appeals affirmed.  See Amatucci v. Hamilton, No.
07-2229 (1st Cir. Apr. 9, 2008).

    In August of 2011, in response to Amatucci's motion for
clarification in the case that resulted in his 2003 order, Judge
O'Neill issued another order stating that his 2003 order did not
have the finite term of stalking orders issued under RSA chapter
173-B and RSA 633:3-a, and that his 2003 order was "by
definition [a] Restraining Order[ ] in Equity."

After receiving Judge O'Neill's 2011 order, Amatucci sued nine defendants, including Hamilton, Black, and the Town.[3]   In that case, Amatucci "allege[d] that both [her] 2003 arrest and all the subsequent judgments against her resulted from a conspiracy to commit 'fraud on the court,'" Amatucci v. Hamilton ("Amatucci I"), No. 11-cv-512-SM, 2012 WL 1964550, at *2 (D.N.H. May 18, 2012), and she also challenged Judge Varney's authority to issue the warrant for her 2003 arrest, see id.

In a report and recommendation, I construed Amatucci's complaint as asserting claims, arising out of Amatucci's 2003 arrest, against Hamilton, Black, and others, for: (1) conspiracy to commit fraud on the court; (2) kidnapping/abduction, terrorism, and extortion; (3) intentional infliction of emotional distress; and (4) elder abuse.  See Amatucci I, 2012 WL 1964550, at *2.  I also identified a claim against the Town for false arrest and failure to investigate a false arrest.  See id.  After determining that Amatucci had failed to state a claim for fraud on the court, I recommended that her claims against Hamilton, Black, and the Town be dismissed on grounds of res judicata, explaining that "[t]o the extent Amatucci was

---

[3] The other defendants in Amatucci's 2011 suit were O'Brien, Jesse Friedman, Lisa Lee, Matthew Cairns, Pauline Maloney, and Norman Bolduc.

aggrieved by either the 2002 or 2003 arrest, or the procedures that were followed to enforce the Restraining Order, any claims based thereon either were, or could have been, raised in her prior lawsuits and are precluded as to all parties to those prior actions." Id. at *6.  Judge McAuliffe approved my report and recommendation and dismissed Amatucci's complaint, with prejudice.  See Amatucci v. Hamilton, No. 11-cv-512-SM, slip op. at 1 (D.N.H. May 30, 2012).

In August of 2012, in the Ossipee District of the Third Circuit of the New Hampshire Circuit Court ("district division"),[4] Amatucci filed a pleading in her 2003 criminal case titled "Motion to Set Aside Void Judgment."  Judge Varney ruled as follows: "The undersigned rendered no 'judgment' in this matter.  This motion is accordingly denied."  In October of 2012, Amatucci asked the district division for a copy of the arrest warrant in her 2003 criminal case.  The deputy clerk informed her that the court was unable to locate an arrest warrant in her case file.

Shortly thereafter, on November 23, 2012, Amatucci sued Varney for his participation in her prosecution.  See Amatucci

---

[4] That court is the successor of the District Court for Southern Carroll County.  See RSA 490-F:4 (Supp. 2012); RSA 502-A:1, XI (Supp. 2012).

v. Varney, No. 12-cv-448-SM.  On January 17, 2013 she filed suit
against O'Brien and the Town.  See Amatucci v. O'Brien, No. 13-
cv-27-JL.  This action followed, on March 15, 2013.  In it,
Amatucci asserts ten claims, all based upon her arrest in 2003
and her subsequent prosecution for violating Judge O'Neill's no-
contact order.  In her complaint, Amatucci justifies this suit
in the following way:

> This is an action based on new evidence that District
> Court Judge Robert Varney recently revealed to
> Plaintiff "A FACT", that he never issued a warrant in
> 2003.  Plaintiff verified this statement with the
> District Court Call Center, and with the Carroll
> County District Court, and they verified that a
> warrant was never issued in 2003 in this case.  Judge
> Varney had responded to Plaintiff's Motion [of] August
> 13, 2012 asking him to "set aside his judgment
> ordering a warrant in the 2003 arrest", and the Judge
> responded by stating, "The undersigned rendered no
> "judgment" in this matter, therefore, this motion is
> accordingly denied."  A "Fact" of a "Fraudulent
> Concealment."
>
> That not only does Plaintiff have new evidence
> that a warrant never issued, but she has new evidence
> of a "FACT" that the no-contact order in the 2003
> arrest, was not a criminal stalking order issued under
> RSA 633:3-a as the police stated, when they arrested,
> incarcerated and prosecuted Plaintiff, but the no-
> contact order was a civil (mutual) restraining order
> in equity regarding property rights between two
> neighbors.  That therefore the 2003 arrest was a
> Kidnapping/Abduction, in the guise of an arrest.

Compl. (doc. no. 1) ¶ 1-2.

## Discussion

This action is the third suit Amatucci has brought in this court that: (1) involves her 2003 arrest; and (2) names Hamilton, Black, and the Town as defendants.  Thus, the doctrine of res judicata would appear to apply.

As I explained in a report and recommendation in another of Amatucci's cases, "res judicata is an affirmative defense, [but] to avoid judicial waste, a court may dismiss an action <u>sua sponte</u> when a plaintiff is clearly precluded from relitigating claims that either were, or could have been, litigated in a prior action." <u>Amatucci I</u>, 2012 WL 1964550, at \*6 (citing <u>Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.)</u>, 324 F.3d 12, 16 (1st Cir. 2003); <u>Bezanson v. Bayside Enters., Inc. (In re Medomak Canning)</u>, 922 F.2d 895, 904 (1st Cir. 1990)).  "The doctrine of res judicata dictates that 'a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action.'" <u>Haag v. Shulman</u>, 683 F.3d 26, 30 (1st Cir. 2012) (quoting <u>Haag v. United States</u>, 589 F.3d 43, 45 (1st Cir. 2009)).  "Res judicata commonly attaches if three requirements are discernibly present: '(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in

both the earlier and later suits; and (3) an identity of parties
or privies in the two suits.'" Haag, 683 F.3d at 30 (quoting
Havercombe v. Dep't of Educ., 250 F.3d 1, 3 (1st Cir. 2001);
citing Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166
(1st Cir. 1991)).

Here, all three requirements for res judicata are
established.  First, Judge McAuliffe's grant of summary judgment
to Hamilton and his dismissal of the claims against Black and
the Town in Amatucci's 2005 case are final judgments on the
merits.  Second, the claims in both that case and this one arose
out of Amatucci's 2003 arrest, which establishes identity of
cause of action.  See Silva v. City of New Bedford, 660 F.3d 76,
79 (1st Cir. 2011) (describing the First Circuit's
"transactional approach" to the second requirement for res
judicata).  Third, Amatucci was the plaintiff in both cases, and
Hamilton, Black, and the Town were all defendants.  That
establishes all three requirements for res judicata.

In her complaint, Amatucci mounts a preemptive defense
against the application of res judicata.  She makes the
following argument:

> [I]t was never known, never litigated and never
> mentioned in previous lawsuits, that there was NO
> ARREST WARRANT ISSUED IN THE 2003 CASE.  And that the
> true nature o[f] the no-contact order issued by the

> court in 2003 was that it was not a criminal stalking
> order issued under RSA 633:3-a as the previous
> lawsuits were all about, as the police claimed that
> Plaintiff violated a criminal stalking order by
> sending a demand letter to Norman Bolduc, but that the
> no-contact order was a civil (mutual) restraining
> order in equity, regarding property rights between two
> neighbors.  As the true nature of the no-contact order
> was hidden from Plaintiff, by the courts, the police
> and the officers of the court.  None of these issues
> are Res Judicata as they were never talked about,
> never litigated and never mentioned in the previous
> lawsuits.

Compl. (doc. no. 1) ¶ 38.  That argument is not persuasive, for

several reasons.  First, the alleged lack of a warrant for

Amatucci's 2003 arrest has not been previously litigated because

in both her 2005 suit and her 2011 suit, Amatucci herself

alleged that there <u>was</u> a warrant for that arrest.  Second, the

"true nature" of Judge O'Neill's 2003 order was at issue in

Amatucci's 2011 suit.  See <u>Amatucci I</u>, 2012 WL 1964550, at *2

(quoting Judge O'Neill's 2011 order describing his 2003 order).

Beyond that, the true nature of the 2003 order could not have

been concealed from Amatucci, as she was issued a copy of that

order and was in as good a position as anyone else to ascertain

its meaning.  Third, because Amatucci has identified no good

reason why she could not have litigated her two "new" issues in

her 2005 action, the fact that she did not raise those issues in

that case is no bar to the application of res judicata, as that

doctrine bars "the parties from relitigating claims that were <u>or could have been raised</u> in the prior action.'"  <u>Haag v. Shulman,</u> 683 F.3d at 30 (citation omitted).  In short, there is every reason to apply the doctrine of res judicata to the claims in this case, and no valid reason not to.

Because all the requirements for res judicata are discernibly present in this case, Amatucci cannot state an actionable claim against Hamilton, Black, or the Town. Accordingly, I recommend dismissal of Amatucci's claims against all three defendants in this case.  <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> LR 4.3(d)(1)(B).

## Future Claims

My recommended dismissal of Amatucci's complaint, which is her sixth in this court arising out of her 2003 arrest, offers a good opportunity to look back on the history of Amatucci's litigation of that incident.  In the order in which he granted Hamilton and O'Brien an award of attorney's fees due to Amatucci's frivolous litigation of some components of her 2005 suit, Judge McAuliffe noted that because Amatucci had "no history of vexatious or harassing litigation in this court, there . . . appear[ed] to be little cause to seek to deter her from similar conduct in the future."  <u>Amatucci v. Hamilton</u>, No.

05-cv-259-SM, 2007 WL 2993824, at *6 (D.N.H. Oct. 11, 2007).
Much has changed since Judge McAuliffe wrote those words.  Most
significantly, Amatucci has filed four more suits in this court
based upon her 2003 arrest.  One was dismissed on grounds of res
judicata, and her three most recent suits will meet that same
fate if Judge McAuliffe approves my report and recommendation in
this case and No. 12-cv-448-SM and Judge Laplante approves my
report and recommendation in 13-cv-27-JL.  At this point,
Amatucci's filing of claims based upon her 2003 arrest has
entered the realm of vexatious litigation.

     "Federal courts 'possess discretionary powers to regulate
the conduct of abusive litigants.'"  United States v. Gómez-
Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (quoting Cok v. Family
Court, 985 F.2d 32, 34 (1st Cir. 1993)).  "[I]n extreme
circumstances involving groundless encroachment upon the limited
time and resources of the court and other parties, an injunction
barring a party from filing and processing frivolous and
vexatious lawsuits may be appropriate."  Castro v. United
States, 775 F.2d 399, 408 (1st Cir. 1985) (citing Gordon v. U.S.
Dep't of Justice, 558 F.2d 618 (1st Cir. 1977)), abrogated on
other grounds by Stevens v. Dep't of the Treasury, 500 U.S. 1
(1991).  "However, the restrictions imposed must be tailored to

the specific circumstances presented." Cok, 985 F.2d at 34
(citation omitted).  And, before filing restrictions may be
imposed, a litigant must be "warned or otherwise given notice
that filing restrictions [are] contemplated." Id. at 35.  In
Cok, the court of appeals observed that adequate notice may be
provided by a magistrate judge's report and recommendation, to
which a party may object prior to the issuance of an order by
the district judge.  See id. (citing Pavilonis v. King, 626 F.2d
1075, 1077 (1st Cir. 1980)).

　　　While recognizing "that the use of broad filing
restrictions against pro se plaintiffs 'should be approached
with particular caution,'" Cok, 985 F.2d at 35 (quoting
Pavilonis, 626 F.2d at 1077, I recommend the imposition of a
relatively narrow filing restriction related to Amatucci's
future litigation of claims arising from her 2003 arrest and her
subsequent prosecution.  Specifically, I recommend that Amatucci
be enjoined from commencing any pro se actions in this court
arising out of her 2003 arrest without prior approval from a
judge of this court.

　　　Such an injunction is warranted, in my view, because: (1)
notwithstanding Judge Muirhead's discussion of judicial immunity
in his report and recommendation on Amatucci's 2005 suit,

Amatucci filed a second action against Judge Varney arising out
of her 2003 arrest and subsequent prosecution; and (2)
notwithstanding the discussion of res judicata in my report and
recommendation on Amatucci's 2011 suit, Amatucci filed three
more actions arising out of her 2003 arrest that all appear to
be subject to dismissal on grounds of res judicata.  At this
point, Amatucci's capacity to appreciate that any remotely
colorable claim arising from her 2003 arrest has run its course
appears to be outweighed by her belief in the wrongfulness of
that arrest and her continuing pursuit of evidence and legal
theories she can use to breathe new life into claims that have
been rejected repeatedly and conclusively.  Finally, Amatucci's
right to object to this report and recommendation will give her
a full and fair opportunity to address the injunction I
recommend.

### Conclusion

For the reasons detailed above, I recommend that Amatucci's
complaint in this case should be dismissed with prejudice, and
that she should be enjoined from commencing any further actions
in this court arising from her 2003 arrest without prior
approval from a judge of this court.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge


May 21, 2013

cc:  Josephine Amatucci, pro se